UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVERETT MILLER, JR. AND FRANK K. MEEKS,<br><br>Defendants. | No. 6:17-CR-70-CHB-HAI-3,6<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Everett Miller, Jr. and Frank K. Meeks are charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. D.E. 42. They have pled not guilty, and trial is scheduled to begin on May 14, 2019. D.E. 128, 213, 256. Miller, through counsel, has filed a motion to dismiss the charge "as a violation of the double jeopardy clause of the Fifth Amendment" (D.E. 258 at 1) and Meeks has joined in that motion. (D.E. 267). Both Defendants recognize that binding precedent requires the denial of their motion to dismiss, meaning their motion is essentially a preservation attempt in the event the law changes. Based upon that acknowledgement, and for other reasons, the undersigned recommends that the motion to dismiss be denied.

The indictment in this case was returned by the grand jury on May 24, 2018. D.E. 42. At the time, according to Defendants, Miller was serving a five-year imprisonment term after pleading guilty to trafficking in methamphetamine in Knox Circuit Court (D.E. 258-1 at 5-6) and

Meeks was serving a seven-year term after pleading guilty to trafficking in methamphetamine in Bell Circuit Court (D.E. 261-2). Miller contends it "appears" the conspiracy charge in this federal case is "the result of the same conduct which resulted in a conviction and sentence in state court." D.E. 258 at 2. Meeks argues the federal conspiracy charge "is based at least in part on the same conduct, same facts and same crime which resulted in Meeks' conviction in the Bell Circuit Court case." D.E. 261 at 2. They contend the double jeopardy clause of the Fifth Amendment clearly prohibits the prosecution of the federal conspiracy charge.

However, both Miller and Meeks recognize that "it has long been held that the 'separate sovereign' exception to the Double Jeopardy Clause of the Fifth Amendment allows a defendant to be prosecuted twice for the same offense as long as the charges were brought by separate sovereigns." D.E. 258 at 2; D.E. 261 at 2. They contend that joint federal-state investigations and the "factual fiction" of the separate sovereign exception subject them to dual prosecutions, convictions, and sentences based upon the same conduct.

Miller and Meeks recognize that the separate sovereign exception forecloses dismissal. Instead, the joint motion essentially presents an exercise in preservation. Defendants state that the Supreme Court is currently revisiting the separate-sovereign exception in *Gamble v. United States*, 694 F. App'x 750 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 2707. Argued on December 5, 2018, a decision in some form is presumably forthcoming. Defendants hope the exception will be extinguished. This Court, of course, must follow the existing law, so denial of the motion is appropriate. Additionally, should the law change, whether the issue has been effectively preserved will have to be assessed following the change.

Another reason supports denying the dismissal request. The United States argues that:

> It is well-settled law that a substantive crime and a conspiracy to commit that crime are not the "same offence" for double jeopardy purposes. *United States v. Felix*, 503 U.S. 378, 389 (1992). The United States Supreme Court has consistently held that, following a state charge on a substantive offense, a subsequent federal charge of conspiracy related to the same underlying actions is not barred by the Double Jeopardy Clause, because the "essence" of a conspiracy offense "is in the agreement or confederation to commit a crime." *Id*. at 389-90 (citing *United States v. Bayer*, 331 U.S. 532, 542 (1947). In so ruling, the Court has stated that "the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself." *Id*. at 390; *see also Pinkerton v. United States*, 328 U.S. 640 (1946) (holding that "[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses . . . [a]nd the plea of double jeopardy is no defense to a conviction for both offenses"). The Court has consistently upheld these provisions. See *Iannelli v. United States*, 420 U.S. 770, 777-79 (1975); *Garrett v. United States*, 471 U.S. 773, 778 (1985) (holding that "[C]onspiracy is a distinct offense from the completed object of the conspiracy").

D.E. 266 at 2-3. The Court specifically ordered Defendants to respond to this argument. D.E. 267.

Defendants did not meaningfully address the stand-alone nature of conspiracy in their reply briefs. Instead, they simply claim the government's argument "fails" and "the federal charges after . . . prosecution in state court for the same conduct violates the double jeopardy clause of the Fifth Amendment." D.E. 270 at 2; D.E. 271 at 1-2. Defendants do not address *Felix* and the Court will not endeavor to invent arguments on their behalf. Indeed, the factual connections between the state convictions and charged federal conspiracy are not sufficiently established to allow the Court to assess their true relationship. Thus, on this record, even if the separate sovereign exception is altered by the Supreme Court so as to support Defendants' argument, dismissal would not be warranted because Defendants have failed to address or distinguish *Felix*.

For the reasons stated, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Joint Motion to Dismiss for a Violation of the Double Jeopardy Clause of the Fifth Amendment (D.E. 258).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. **THE PARTIES SHALL TAKE NOTICE THAT**, given the impending jury trial, as permitted by Rule 59(b), the Court **SHORTENS** the applicable objections period. Therefore, as defined by § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), within **FIVE DAYS** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 59(b) waives a party's right to review.

This the 23rd day of April, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge