UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EVERETT MILLER, JR. AND FRANK K. MEEKS,<br><br>    Defendants. | )<br>)<br>)  Criminal Action No. 6:17-CR-070-CHB-3, 6<br>)<br>)<br>)<br>)  **ORDER ADOPTING**<br>)  **RECOMMENDED DISPOSITION ON**<br>)  **MOTION TO DISMISS**<br>)<br>)<br>) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram on the First Motion to Dismiss for Violation of Double Jeopardy Clause of the Fifth Amendment [R. 274]. Defendant Everett Miller, Jr. filed the motion to dismiss the charge of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846, and Defendant Frank K. Meeks joined the motion. [R. 258; R. 267] The parties then briefed the motion pursuant to the Court's orders.

Magistrate Judge Ingram concluded, in accordance with the current state of the law as well as the Defendants' own admissions, that the motion should be denied. [R. 274 at p. 2] The Magistrate Judge explained that "[b]oth Defendants recognize that binding precedent requires the denial of their motion to dismiss, meaning their motion is essentially a preservation attempt in the event the law changes." *Id*. Based on that acknowledgement as well as the fact that the Defendants failed to respond to an argument that the Court specifically ordered them to address (namely, an argument based on *U.S. v. Felix*, 503 U.S. 378 (1992)), the Magistrate Judge

- 1 -

recommended denying the motion to dismiss. *Id.* at pp. 1, 3.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within five (5) days. [R. 274 at p. 4] Both Defendant Miller and Defendant Meeks filed essentially identical objections to the Recommended Disposition. [R. 275; R. 279] These objections are 1) an objection that the Defendants "would respectfully take issue with the criticism of [defense] counsel not to reply or argue the decision in" *Felix*, because the Defendants have taken the position that *Felix* may be overruled by a case currently pending before the Supreme Court, and 2) an objection to the suggestion that the issue regarding double jeopardy has not been properly preserved. [R. 275 at pp 1-2; R. 279 at pp. 1-2]

While the Court doubts that these statements count as true objections, even under a *de novo* standard the Court finds them to be without merit. As to the first "objection," the fact that the Defendants hope that the Supreme Court will overturn *Felix* is absolutely no reason to fail to address that case pursuant to a specific Order of the Court. As to the second objection, the Recommended Disposition contains no affirmative suggestion that the issue regarding double

jeopardy has not been properly preserved. Rather, it simply recognizes that the issue of preservation will have to be assessed if and when the law changes. [R. 274 at p. 2] Finally, both objections state that "the Defendant understands and agrees with the decision to deny the motion" and "[i]n the end, the Defendant accepts the recommended disposition pursuant to the current state of the law." [R. 275 at pp 1-2; R. 279 at pp. 1-2] The Court is similarly satisfied with the Recommended Disposition as a whole.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 274**] is **ADOPTED** as the opinion of this Court.

2. The Defendants' **Objections to the Magistrate Judge's Recommended Disposition** [**R. 275; R. 279**] are **OVERRULED**.

3. The Defendants' **Joint Motion to Dismiss for a Violation of the Double Jeopardy Clause of the Fifth Amendment** [**R. 258**] is **DENIED**.

This the 1st day of May, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY